# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DEANDRE COOPER, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 2:21-cv-01387-AMM-HNJ |
| STATE OF ALABAMA, et al., | ) ) ) |
| Respondents. | ) ) |

## MEMORANDUM OPINION

Deandre Cooper, an Alabama state prisoner, filed this habeas corpus action *pro se* pursuant to 28 U.S.C. § 2254. Doc. 1. On December 9, 2021, the magistrate judge entered a report and recommendation that this action be dismissed without prejudice for lack of jurisdiction, because Mr. Cooper's petition amounts to a successive § 2254 application for which he lacks authorization from the Eleventh Circuit, as required by 28 U.S.C. § 2244(b)(3)(A). Doc. 5. Although the magistrate judge advised Mr. Cooper of his right to file objections within fourteen days, no objections have been received by the court and the time for filing has expired.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's report and recommendation, the court **ADOPTS** the magistrate judge's findings and **ACCEPTS** his recommendation. Mr.

Cooper's petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. A separate Order will be entered.

The court does not rule on a certificate of appealability ("COA") because a COA is unnecessary when dismissing a case as successive. *See Osbourne v. Sec'y, Fla. Dep't of Corrs.*, 968 F.3d 1261, 1264 n.3 (11th Cir. 2020) ("Although generally appeals from § 2254 proceedings require a certificate of appealability ("COA"), no COA is necessary to appeal the dismissal for lack of subject matter jurisdiction of a successive habeas petition because such orders are not 'a final order in a habeas corpus proceeding.'" (citing *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004))).

**DONE** and **ORDERED** this 31st day of January, 2022.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE